IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMOND LEE BOND,

    Plaintiff,

v.

JUDGE ZINA R. CRUSE, BERNADETTE SCHREMPP, and VIRGIL PERKINS,

    Defendants.

Case No. 23-cv-2721-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Demond Lee Bond, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Bond alleges defendants committed errors in his criminal trial in violation of the Sixth and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Bond makes the following allegations: Bond alleges that his rights were violated during the course of his criminal trial in the circuit court for the Twentieth

Judicial Circuit in St. Clair County, Illinois (Doc. 1, p. 6). He alleges that Judge Zina Cruse violated his right to a speedy trial. He also alleges Judge Cruse denied his right to counsel when she told him on the record not to ask for another attorney (*Id*. at p. 6). As a result, Bond alleges that he was forced to represent himself during the proceedings (*Id*.). Bond alleges that on January 26, 2022, he requested that his representation by the public defender's office be terminated, but Judge Cruse failed to inform Bond of the "perils of self-representation" and told him not to ask her for another lawyer (*Id*. at pp. 8, 13-15). He also demanded a speedy trial on three occasions, but he did not proceed to trial until over a year after his requests (*Id*. at pp. 8-11). He eventually proceeded to trial and was found guilty of the charges (*Id*. at p. 10).

As to Illinois State Police Officer Virgil Perkins, Bond alleges that Perkins committed malicious prosecution because he fabricated statements in order to obtain a search warrant for Bond's DNA (*Id*. at p. 30). Bond alleges that Perkins lied to the grand jury in order to obtain the search warrant (*Id*. at pp. 30, 49). Bond alleges that Perkins lied when he testified that Bond forced the victim in the case into a vehicle at gunpoint (*Id*.). He maintains that the victim never testified as to the presence of a gun (*Id*. at p. 57). Bond alleges these actions violated his due process rights under the Fourteenth Amendment (*Id*. at pp. 30-31). He alleges that Assistant State's Attorney ("ASA") Bernadette Schrempp also participated in the malicious prosecution because she proceeded with the case against Bond (*Id*. at p. 32). He further alleges that she allowed the grand jury to be misled by Perkins (*Id*. at pp. 57-58). He also takes issue with statements Schrempp made during her closing argument (*Id*. at p. 59).

## Discussion

Although Bond labels his Complaint as brought pursuant to Section 1983, the Court must first determine if the substance of his Complaint falls under Section 1983 or sounds in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Bond's request for relief states that he seeks monetary compensation for the alleged violations and requests that the defendants be removed from their positions, but at several points in his Complaint he also argues that his conviction should be reversed (Doc 1, pp. 59-60, 62-63, 68).

Simply put, a civil case filed pursuant to Section 1983 is not the proper avenue for overturning a conviction. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [Section] 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) ("[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation" then a petition for a writ of habeas corpus is the proper route to seek such relief). Thus, to the extent that Bond seeks to have his conviction overturned, he cannot proceed with the claim in a Section 1983 complaint. He must seek such relief through a habeas corpus action, after first presenting his claims to the Illinois courts. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

To the extent Bond also seeks monetary compensation for the "manufactured case" against him, those claims are also barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994)

3

(Doc. 1, p. 7). Under *Heck*, a plaintiff cannot bring a Section 1983 claim if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. Bond's Complaint alleges errors in his prosecution, which he alleges resulted in his conviction. He alleges that Perkins and Schrempp lied in the grand jury proceedings in order to obtain a search warrant for his DNA. He also alleges that Schrempp lied at trial. As to Judge Cruse, he alleges that she denied his right to a speedy trial and an attorney. But Bond cannot seek civil relief against these parties if and until he shows that any conviction related to this conduct has been vacated. *Id*. at 486-87. Bond fails to offer any order invalidating his current sentence, and a review of the Illinois Department of Corrections' website shows that he is currently serving his sentence for the convictions.[1] Thus, Bond cannot obtain damages in this civil action because a finding in his favor would necessarily imply that his sentence is invalid.

Even if Bond could maintain a claim for the alleged constitutional violations committed during the course of his trial, his claims are most likely barred as to Judge Cruse and ASA Bernadette Schrempp. As a judge, Judge Cruse enjoys absolute immunity for her judicial actions, including the denial of counsel and the setting of the trial date. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Further, Bond cannot proceed in his claim against ASA Schrempp because she is immune from any action she took in the prosecution of the criminal charges against Bond. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions

---

[1] *See* Illinois Department of Corrections, Inmate Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Jan. 17, 2024).

they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Clearly, Schrempp was acting within the scope of her position when she presented evidence to the grand jury and gave a closing argument at trial. Thus, even if Bond is successful in obtaining a reversal on his conviction, it is unlikely that he could maintain a claim against these defendants.

Finally, to the extent Bond seeks to proceed on a common law action for malicious prosecution, the Court declines to exercise supplemental jurisdiction over any potential state law claim. *See* 28 U.S.C. § 1367(c) (supplemental jurisdiction is discretionary if all federal law claims are dismissed).

Accordingly, the Court **DISMISSES without prejudice** Bond's Complaint for failure to state a claim. Although the Court would normally allow Bond an opportunity to amend his Complaint in order to state a viable claim, the Court does not believe an opportunity to amend is warranted in this case as it is not apparent that Bond could provide any additional allegations which would state a claim based on his conviction. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

## Disposition

For the reasons stated above, Bond's Complaint is **DISMISSED without prejudice** for failure to state a claim. Bond's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable regardless of the

dismissal of this case. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Bond wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Bond does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 17, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**